STEPHEN D. HAMPTON, Appellant, v. JAY W. BREWER, APPEAL OFFICER FOR DEPARTMENT OF ADMINISTRATION, STATE OF NEVADA, Respondent.

No. 17727

March 4, 1987                              733 P.2d 852

*Stephen D. Hampton,* In Proper Person.

*Brian McKay,* Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*[1]

This is a proper person appeal from an order of the district court granting summary judgment in respondent's favor.

Appellant filed a complaint in the district court seeking a declaration that claimants seeking worker's compensation benefits could be represented in administrative proceedings held on contested claims by agents other than counsel. Respondent answered the complaint and thereafter the parties filed cross motions for summary judgment. On September 10, 1986, the district court found that claimants seeking worker's compensation benefits were not entitled to be represented by agents other

---

[1]This appeal was previously dismissed on the merits in an unpublished order of this court. Upon motion of the respondent, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our Order Dismissing Appeal filed December 23, 1986.

than counsel during the administrative proceedings at issue. Therefore, the district court granted respondent's motion for summary judgment and denied appellant's counter-motion for summary judgment. This appeal followed.

Summary judgment is appropriate only where no genuine issues of fact remain for trial and one party is entitled to judgment as a matter of law. *See* NRCP 56(c); Pacific Pools Constr. v. McClain's Concrete, 101 Nev. 557, 706 P.2d 849 (1985). In the present case, appellant claimed that, pursuant to NRS 616.5422(3), he was entitled to represent claimants in administrative proceedings held on contested worker's compensation claims even though he is not an attorney. NRS 616.5422(3) provides:

> The appeals officer shall, within 10 days after receiving a notice of appeal, schedule a hearing for a date and time within 60 days after his receipt of the notice and give notice by mail or by personal service to all parties to the appeal *and their attorneys or agents* at least 30 days before the date and time scheduled. (Emphasis added.)

Appellant claimed the reference to ''agents'' in NRS 616.5422(3), *supra,* conferred upon claimants the right to be represented by non-attorney agents in administrative proceedings before the State Industrial Insurance System (SIIS). We disagree.

As respondent correctly pointed out below, NRS 616.5422(3), *supra,* must be read in conjunction with NRS 616.541(2). *See* White v. Warden, 96 Nev. 634, 636, 614 P.2d 536, 537 (1980) (statutes must be construed in light of their purpose as a whole). NRS 616.541(2) provides:

> *An insurer or employer* may be represented in a contested case by private legal counsel or by any other agent. (Emphasis added.)

We conclude that the statutory scheme set forth above is clear; the statutes in question allow only an employer or an insurer to be represented by non-attorney agents in administrative proceedings held on contested SIIS claims. Accordingly, the district court did not err by granting respondent's motion for summary judgment.

Having reviewed the record on appeal, we conclude that appellant cannot demonstrate error in this appeal, and that further briefing and oral argument are not warranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976). Accordingly, we hereby affirm the judgment of the district court.[2]

---

[2]In light of this disposition, we hereby deny as moot appellant's motion for leave to proceed in proper person in this appeal.