**Camille TERILLI, p.p.a. as parent and natural guardian of David Terilli, a minor**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY.**

**No. 93–490–Appeal.**

Supreme Court of Rhode Island.

May 27, 1994.

Raymond A. Pacia, Pacia & Pacia, Pawtucket, for plaintiff.

Paul V. Reynolds, Boyer, Reynolds & De-Marco, Providence, for defendant.

## OPINION

**PER CURIAM.**

This matter came before this court on May 12, 1994, pursuant to an order directing the plaintiff, Camille Terilli (Ms. Terilli), p.p.a. as parent and natural guardian of David Terilli (David), her minor son, to appear in order to show cause why the issues raised in her appeal should not be summarily decided. Ms. Terilli appeals from a Superior Court justice's grant of the motion for summary judgment of the defendant, Nationwide Mutual Insurance Company (Nationwide).

In December 1991 Ms. Terilli filed a complaint for declaratory relief, seeking a declaratory judgment that Nationwide provide uninsured-motorist benefits to David, among other things. She alleged that David was an insured under her Nationwide auto-liability policy, which policy includes uninsured-motorist coverage. She claimed that David had suffered personal injury, specifically, loss of consortium, when John Terilli (Mr. Terilli), David's father and her former husband, was severely injured in an automobile accident involving two uninsured motor vehicles. She concedes that Mr. Terilli was not an "insured" under the terms of her policy, that the vehicle that he had been operating was not listed as insured, and that David was not a passenger in his father's vehicle.

The trial justice concluded that the policy's language was clear and unambiguous. He read the pertinent provision, which states that "[t]his coverage also protects others for compensatory damages due them, as a derivative claim, by law because of bodily injury to an insured." He granted Nationwide's motion for summary judgment after noting that it was undisputed that Mr. Terilli was not an insured under the policy.

Ms. Terilli argues that the policy is ambiguous and contains no language requiring "as a threshold condition that the person from whom the consortium loss is derived must also be an insured under the policy." She also contends that David is permitted by G.L.1956 (1985 Reenactment) § 9–1–41(b), as amended by P.L.1988, ch. 544, § 1 to maintain an action for loss of consortium caused by tortious injury to a parent. Nationwide asserts that the policy provision is clear and unambiguous and provides no coverage for David's loss-of-consortium claim.

We agree with the trial justice that summary judgment is appropriate here because no genuine issue of material fact exists and Nationwide is entitled to judgment as a matter of law. See E.W. Audet & Sons, Inc. v. Firemen's Fund Insurance Company of Newark, New Jersey, 635 A.2d 1181, 1185 (R.I.1994). We are persuaded that the policy language is clear and unambiguous. See Antone v. Vickers, 610 A.2d 120, 123 (R.I.1992). Giving the policy language its plain, ordinary, and usual meaning, we think that because Mr. Terilli is not an insured under Ms. Terilli's policy, David's claim is not covered under the policy. See id. We note that this holding has no bearing on whether David's claim for loss of consortium may be maintained outside the context of his mother's Nationwide policy.

After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. Consequently, the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.