ALLSTATE INSURANCE COMPANY, APPELLANT, *v.*
DEBORAH ANN FACKETT, RESPONDENT.

No. 49884

April 30, 2009          206 P.3d 572

*Prince & Keating* and *Dennis M. Prince* and *Douglas J. Duesman*, Las Vegas, for Appellant.

*Rogers, Mastrangelo, Carvalho & Mitchell* and *Daniel E. Carvalho* and *Charles A. Michalek*, Las Vegas, for Respondent.

Before HARDESTY, C.J., PARRAGUIRRE, DOUGLAS, CHERRY, SAITTA, GIBBONS and PICKERING, JJ.

## OPINION

*Per Curiam:*

Respondent Deborah Ann Fackett's mother, Barbara Testa, suffered severe injuries when her car collided with Benjamin Bellville's car. Bellville was an underinsured driver, and Testa was insured under her own auto insurance policy. Fackett was insured with appellant Allstate Insurance Company. A few weeks after the accident, Testa died from her injuries. Fackett sued Bellville for the wrongful death of her mother and received his $1,000,000 policy limit. Fackett then made a demand under her Allstate insurance policy (Policy) for uninsured/underinsured motorist (UM) benefits for the death of her mother. Allstate denied coverage because Testa was not an insured person under the Policy. Allstate then filed a declaratory relief action, requesting that the court find that (1) the Policy was valid and enforceable and (2) Testa was not an insured, and therefore Fackett could not recover for Testa's death. Both parties moved for summary judgment. The district court granted Fackett's motion, denied Allstate's motion, and ruled as a matter of law that the Policy's provision requiring that the injured be an insured violated NRS 687B.145(2) because the statute does not require that the bodily injury be sustained by an insured. Therefore, the district court found that Fackett was entitled to UM benefits for Testa's death.

We must determine whether Allstate's UM policy provision, which limits recovery to insureds who suffer bodily injury, is enforceable and whether the district court erred in granting summary judgment in favor of Fackett. Our analysis of the district court's ruling has two prongs.

First, we must determine whether the Policy provision limiting recovery to insureds who suffer bodily injury is ambiguous. We conclude that the Policy is clear and unambiguous and limits recovery to insureds who suffer bodily injury.

Second, we must determine whether the Policy limitations contravene Nevada's UM statutory scheme or public policy. We conclude that neither NRS 687B.145(2) nor public policy requires that UM coverage provide recovery for injury to uninsured third parties. Thus, Allstate's Policy provision limiting recovery to insureds who suffer bodily harm is unambiguous, does not contravene NRS 687B.145(2), and therefore is enforceable.

Accordingly, we reverse.

## FACTS AND PROCEDURAL HISTORY

### Accident and insurance policy

Barbara Testa, respondent Deborah Fackett's mother, was a fault-free passenger in a vehicle that collided with Benjamin Bellville's vehicle. Testa was severely injured and died a few weeks later from her injuries. She was insured under her own policy and was not insured under Fackett's Allstate policy.

At the time of the accident and Testa's death, Fackett had an insurance policy with Allstate. The UM coverage provided that "[Allstate] will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto *because of bodily injury sustained by an insured person*." (Emphasis added.) According to the Policy, insured persons are:

1. [The named insured] and any relative who resides in [the named insured's] household.

2. Any person while in, on, getting into or out of [the named insured's] insured auto with [the named insured's] permission.

3. Any other person who is legally entitled to recover because of bodily injury to [the named insured], a relative who resides in [the named insured's] household, or an occupant of [the named insured's] insured auto with [the named insured's] permission.

The parties agree that Testa was not an insured person under the Policy.

In addition, the Policy defines an uninsured auto as, among other things, "an underinsured motor vehicle which has liability protection in effect and applicable at the time of the accident but less than the applicable damages the insured person is legally entitled to recover."

Fackett asserted a wrongful death claim against Bellville and ultimately settled with Bellville's insurance company for his $1,000,000 policy limit. The district court found that Bellville was

insured but "lacked sufficient insurance to cover all claims involved in the accident."

After the settlement, Fackett's attorney informed Allstate of his representation and requested a copy of Fackett's policy that was in effect at the time of the accident. Allstate then informed Fackett's attorney, in writing, that Testa was not an insured person under the Policy, and therefore UM benefits were not available to Fackett.

Fackett then made a formal demand for her UM Policy limits. She argued that NRS 687B.145 entitled her to recover any damages for which she is legally entitled to recover from the other driver. Because she was legally entitled to recover from Bellville for the wrongful death of her mother, Fackett reasoned that she was entitled to recover UM benefits as well. Allstate did not reconsider its earlier denial of the claim.

### District court proceedings

Allstate filed a declaratory relief action seeking an order declaring that the Policy was valid and enforceable, and that Testa was not an insured person under the Policy, and therefore Fackett was not entitled to UM benefits for Testa's death. Allstate moved for summary judgment on its claim for declaratory relief.

Fackett filed an opposition and a countermotion for summary judgment. Fackett argued that she was entitled to summary judgment because (1) the UM statute must be construed broadly and strictly in favor of the insured, and (2) the Policy was void and unenforceable because it violated public policy by restricting coverage to injuries suffered by insureds.[1]

The district court granted Fackett's summary judgment motion and denied Allstate's motion. The district court found that states having UM statutes and public policies similar to Nevada allowed recovery in similar cases. As a result, the district court concluded that (1) NRS 687B.145 must be strictly construed in favor of the insured, (2) the statute does not require that the insured suffer physical bodily injury, and (3) the Policy's requirement that the injured be an insured contravenes the statute.[2] Therefore, the district court found that Fackett was entitled to UM benefits for Testa's death.

---

[1] Fackett also argued that "bodily injury" includes emotional harm such as grief and sorrow. We do not reach the issue of whether bodily injury includes emotional harm, such as claims for negligent infliction of emotional distress or wrongful death, because the decision is not necessary to the determination of this appeal. Fackett was not involved in the accident, she was not present at the scene, and did not witness the accident, so she could not have suffered any harm in the accident.

[2] We commend the district court for making specific findings of fact and conclusions of law, which greatly assisted this court by defining and clarifying the issues.

## DISCUSSION

Allstate argues that the district court erred in granting Fackett summary judgment because the Policy language restricting recovery to injured insureds is consistent with Nevada's public policy and the plain language of the UM statute. Therefore, the limitation of recovery to insureds who are injured in an auto accident with an uninsured/underinsured motorist is enforceable. Fackett, however, argues that this court must strictly construe the UM statute in favor of the insured. This would require that UM coverage include any legal claims that an insured person has against an uninsured/ underinsured driver, even when the person injured in the auto accident was not covered under the policy in question. We agree with Allstate's position because the Policy is unambiguous, it comports with the plain language of Nevada's UM statutory scheme, and is enforceable.

### Standard of review

"This court reviews a district court's grant of summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when there is no genuine issue of material fact and, viewing all evidence and inferences from the evidence in a light most favorable to the nonmoving party, the moving party is entitled to a judgment as a matter of law. *Id.*; NRCP 56(c). In this case, the parties agree that there are no disputed material facts and only dispute whether Fackett is entitled to judgment as a matter of law under the applicable statutory and contractual provisions.

### The Policy provision requiring that an insured sustain bodily injury or death

Allstate argues that the express terms of the Policy's UM provision require that an insured sustain injury or death and therefore do not provide coverage for Fackett's mother.[3] We agree because the Policy is unambiguous and limits recovery to injured insureds.

When a contract is unambiguous and neither party is entitled to relief from the contract, summary judgment based on the contractual language is proper. *Chwialkowski v. Sachs*, 108 Nev. 404, 406-07,

---

[3]Fackett argues that her original Allstate insurance policy provided coverage for "damages because of bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured auto." Allstate then sent a Policy Endorsement that limited recovery by adding "bodily injury

834 P.2d 405, 406 (1992). When there are no disputed material facts, this court reviews construction of an insurance policy as purely a question of law and construes any ambiguities in an insurance policy in favor of the insured. *Estate of Delmue v. Allstate Ins. Co.*, 113 Nev. 414, 417, 936 P.2d 326, 328 (1997).

At the time of the accident, Fackett's Policy stated, "[Allstate] will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto *because of bodily injury sustained by an insured person.*" (Emphasis added.) This language is unambiguous and clearly states that any injury for which the insured will receive UM benefits must be a bodily injury suffered by the insured. Thus, we conclude Fackett was not entitled to UM benefits for the death of her mother because Fackett, the insured, did not suffer any bodily injury.

*NRS 687B.145(2) does not entitle insureds to recover UM benefits for injuries to uninsured third parties*

Allstate argues that the plain language of NRS 687B.145(2) only applies to bodily injury suffered by the insured. Fackett, on the other hand, argues that this court must strictly construe the UM statute in favor of recovery by insureds. Under this construction, Fackett reasons that the statutory scheme applies to bodily injury suffered by anyone whose injury gives the insured a legal claim against the uninsured driver. We conclude that Allstate's position is correct.

To determine legislative intent, this court first looks at the plain language of a statute. *Salas v. Allstate Rent-A-Car, Inc.*, 116 Nev. 1165, 1168, 14 P.3d 511, 513-14 (2000). We only look beyond the plain language if it is ambiguous or silent on the issue in question. *Id.* We read statutes within a statutory scheme harmoniously with one another to avoid an unreasonable or absurd result. *Torrealba v. Kesmetis*, 124 Nev. 95, 101, 178 P.3d 716, 721 (2008).

NRS 687B.145(2) and 690B.020 comprise Nevada's UM statutory scheme and are incorporated into all applicable Nevada auto insurance policies. *Continental Ins. Co. v. Murphy*, 120 Nev. 506, 509, 96 P.3d 747, 750 (2004) (describing these two statutes as the UM statutory scheme); *Hampton v. Brewer*, 103 Nev. 73, 74, 733 P.2d 852, 853 (1987) (noting that "statutes must be construed in light of

---

sustained by an insured person." Because the endorsed policy was effective at the time of the accident, we do not address the pre-endorsement policy language.

their purpose as a whole'' (citation omitted)); *Ippolito v. Liberty Mutual*, 101 Nev. 376, 378-79, 705 P.2d 134, 136 (1985) (incorporating the UM scheme into Nevada auto insurance policies). Any auto insurance policy or provision that contravenes this statutory scheme is void and unenforceable. *Continental*, 120 Nev. at 507, 96 P.3d at 748.

NRS 687B.145(2) provides, in pertinent part, that

> [u]ninsured and underinsured vehicle coverage must include a provision which enables the insured to recover up to the limits of his own coverage any amount of damages for *bodily injury* from his insurer *which he is legally entitled to recover* from the owner or operator of the other vehicle to the extent that those damages exceed the limits of the coverage for bodily injury carried by that owner or operator.

(Emphases added.) The plain language of the statute indicates that the insured can only recover for bodily injuries the insured personally suffers. The language ''bodily injury from *his* insurer which *he* is legally entitled to recover'' is referring to bodily injury suffered by the insured—not by any person whose injury may give rise to a legal claim by the insured against the uninsured motorist. Fackett argues a strict construction in which any person who has a claim against the uninsured motorist could recover under this statute. This interpretation strains the statute beyond its plain meaning.

The plain meaning requirement that an insured suffer bodily injury is consistent with our prior interpretations of this statutory scheme and comports with other states' interpretations of similar statutes. The purpose of the UM statutory scheme is to mitigate losses sustained by no-fault insureds who sustain injuries in a collision with an underinsured or uninsured driver through first-party benefits. *State Farm Mut. Auto. Ins. Co. v. Fitts*, 120 Nev. 707, 709, 99 P.3d 1160, 1161 (2004); *Siggelkow v. Phoenix Ins. Co.*, 109 Nev. 42, 44, 846 P.2d 303, 304 (1993). Our previous interpretations of the UM scheme presuppose that the insured was involved in a car accident and suffered damages in the accident. Thus, this court has interpreted these statutes as applying to insureds involved in car accidents and not to insureds who had a legal claim regarding an uninsured third person who was injured by an uninsured or underinsured driver.

Our plain-language reading of the UM statute is supported by the holdings of a growing number of states on the same issue, while Fackett's position is supported by only a shrinking minority of

states. Fackett points to seven jurisdictions[4] that once allowed insureds to recover UM benefits for the death of an uninsured third party.[5] However, four of the legislatures in these seven states have amended their statutes to disallow such recovery.[6] Nebraska's law is unclear because its statute requiring UM coverage is ambiguous, but its statutes defining an uninsured and underinsured motor vehicle refer to the injuries "of an insured." Neb. Rev. Stat. §§ 44-6405, 44-6406, 44-6408 (2004). Also, Nebraska has legislation pending that would extend coverage to anyone occupying an insured vehicle with the consent of the insured and who is not entitled to UM coverage under any other policy. Legis. Bill 152, 101st Leg., 1st Reg. Sess. (Neb. 2009). Thus, only two of the seven jurisdictions cited by respondent, Iowa and New Mexico, still definitively allow recovery by insureds for the death of an uninsured third party. *See Waits v. United Fire & Cas. Co.*, 572 N.W.2d 565, 574 (Iowa 1997); *Hinners v. Pekin Ins. Co.*, 431 N.W.2d 345, 346-47 (Iowa 1988); *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 119 P.3d 169, 176 (N.M. Ct. App. 2005).

Many states have UM statutes almost identical to Nevada's statutes, and Allstate points to 16 jurisdictions with the same "legal entitlement" language as Nevada's scheme.[7] Courts in these states have held that UM coverage only applies to insureds who sustain bodily injury in an auto accident that was the fault of an uninsured motorist and have denied coverage for injury to uninsured third parties.[8] This trend comports with the plain language meaning of Nevada's UM statutory scheme.

---

[4] These states include Georgia, Iowa, Maine, Maryland, Nebraska, New Mexico, and Ohio.

[5] *Gordon v. Atlanta Cas. Co.*, 611 S.E.2d 24, 25 (Ga. 2005); *Hinners v. Pekin Ins. Co.*, 431 N.W.2d 345, 346-47 (Iowa 1988); *Butterfield v. Norfolk & Dedham Ins. Co.*, 860 A.2d 861, 866-67 (Me. 2004); *Forbes v. Harleysville Mutual*, 589 A.2d 944, 953-54 (Md. 1991); *State Farm Mutual Automobile Ins. Co. v. Selders*, 190 N.W.2d 789, 792 (Neb. 1971); *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 119 P.3d 169, 176 (N.M. Ct. App. 2005); *Sexton v. State Farm Mut. Auto. Ins. Co.*, 433 N.E.2d 555, 559 (Ohio 1982).

[6] Ga. Code Ann. § 33-7-11 (2008) (amended to allow recovery for the death of an insured, 2006 Ga. Laws 816); Me. Rev. Stat. Ann. tit. 24-A, § 2902 (2008) (amended to clarify that injury must be sustained by the insured, 2005 Me. 1573); Md. Code Ann., Ins. § 19-509 (West 2008) (amended to clarify that recovery for wrongful death is only available when insured suffers wrongful death, 1991 Md. Laws 3422); Ohio Rev. Code Ann. § 3937.18 (LexisNexis 2002) (amended to specifically allow exclusions for "[w]hen the person actually suffering the bodily injury . . . is not an insured under the policy," 2001 Ohio Laws 784-85).

[7] These states include Alaska, Arizona, California, Colorado, Delaware, Florida, Illinois, Indiana, Louisiana, Mississippi, Missouri, Oklahoma, Rhode Island, South Dakota, Washington, and Wisconsin.

[8] *Delancey v. State Farm Mut. Auto. Ins. Co.*, 918 F.2d 491, 495 (5th Cir. 1990) (holding that neither Mississippi's wrongful death statute nor its UM

■■

The plain language of NRS 687B.145(2) provides UM coverage for insureds who suffer bodily injury in an auto accident and does not provide coverage for legal claims an insured may have regarding a noninsured third party who is injured by an underinsured/uninsured driver. This plain language reading is consistent with our prior interpretations of Nevada's UM statutory scheme as well as the law of a growing majority of states.

## CONCLUSION

■■

We conclude that Allstate's Policy was unambiguous and its provision limiting UM coverage to insureds who suffer bodily injury is consistent with the plain language of NRS 687B.145(2), which does not extend coverage to noninsured third parties. Thus, Allstate's Policy limitation is enforceable, and the district court erred in granting

statute allows an insured to recover for the death of an uninsured third party); *State Farm Mut. Ins. Co. v. Wainscott*, 439 F. Supp. 840, 844 (D. Alaska 1977) (denying father recovery under UM coverage for wrongful death of uninsured daughter); *Bartning v. State Farm Fire & Cas.*, 793 P.2d 127, 129 (Ariz. Ct. App. 1990) (holding that the legislature did not intend to provide coverage under a UM policy for injuries to third parties); *Smith v. Royal Ins. Co. of America*, 230 Cal. Rptr. 495, 497 (Ct. App. 1986) (denying insured UM recovery for wrongful death of her uninsured father); *Farmers Ins. Exchange v. Chacon*, 939 P.2d 517, 520, 522 (Colo. App. 1997) (denying insured children's recovery for uninsured mother's wrongful death); *Temple v. Travelers Indemnity Co.*, No. 98C-08-088 WCC, 2000 WL 33113814, at *4-*6 (Del. Super. Ct. Nov. 30, 2000) (interpreting UM statute as only applying to insureds injured in accidents); *Valiant Ins. Co. v. Webster*, 567 So. 2d 408, 410 (Fla. 1990) (denying father UM recovery for death of uninsured son), *receded from on other grounds in Government Employees Ins. Co. v. Douglas*, 654 So. 2d 118 (Fla. 1995); *State Farm Mut. Auto. Ins. Co. v. George*, 762 N.E.2d 1163, 1165-66 (Ill. App. Ct. 2002) (denying insured's UM claim on behalf of child for loss of society of child's uninsured mother); *Ivey v. Massachusetts Bay Ins. Co.*, 569 N.E.2d 692, 695 (Ind. Ct. App. 1991) (denying husband UM recovery for uninsured wife's wrongful death because husband did not suffer bodily injury); *Spurlock v. Prudential Ins. Co.*, 448 So. 2d 218, 219 (La. Ct. App. 1984) (holding insured could not recover for wrongful death of uninsured third party); *Livingston v. Omaha Property & Cas. Ins. Co.*, 927 S.W.2d 444, 446 (Mo. Ct. App. 1996) (denying coverage of insured mother's claim under UM policy as decedent daughter was not an insured under the policy); *London v. Farmers Ins. Co., Inc.*, 63 P.3d 552, 556 (Okla. Civ. App. 2002) (holding that allowing UM coverage to be extended for injuries sustained by a person who is not an insured under the claimant's policy would create coverage under the statute where none previously existed); *Terilli v. Nationwide Mut. Ins. Co.*, 641 A.2d 1321, 1322 (R.I. 1994) (denying child's UM claim for loss of consortium of severely injured parent); *Gloe v. Iowa Mut. Ins. Co.*, 694 N.W.2d 238, 249 (S.D. 2005) (denying recovery to insured for uninsured parents' deaths); *Allstate Ins. Co. v. Hammonds*, 865 P.2d 560, 564 (Wash. Ct. App. 1994) (holding insured could not recover loss of consortium for severe injury of uninsured son); *Ledman v. State Farm Mut. Auto. Ins. Co.*, 601 N.W.2d 312, 317 (Wis. Ct. App. 1999) (denying recovery because emotional harm is not bodily injury).

Fackett's summary judgment motion. Accordingly, we reverse and remand to district court with instructions to enter summary judgment in favor of Allstate.