**136 Nev., Advance Opinion 55**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| J.E. JOHNS & ASSOCIATES, A NEVADA BUSINESS ENTITY; AND A.J. JOHNSON, AN INDIVIDUAL, Appellants/Cross-Respondents, vs. JOHN LINDBERG, AN INDIVIDUAL; MICHAL LINDBERG, AN INDIVIDUAL; AND JUDITH L. LINDBERG, AN INDIVIDUAL, Respondents/Cross-Appellants. | No. 78086 |



FILED

AUG 20 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
CHIEF DEPUTY CLERK

Appeal and cross-appeal from an amended judgment following a bench trial and hearing in a real property matter. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

*Affirmed.*

Glade L. Hall, Reno,
for Appellants/Cross-Respondents.

Silver State Law LLC and John D. Moore, Reno,
for Respondents/Cross-Appellants.

_____

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, HARDESTY, J.:

As a general principle, a plaintiff suing in tort can only recover once for a single injury, even when several defendants are responsible for

20-30683

that injury. This appeal concerns the applicability of NRS 17.245(1)(a), which enables a nonsettling tortfeasor to equitably offset a judgment by the settlement amount obtained from a settling tortfeasor "for the same injury." The buyers of residential real property brought suit against the sellers and the sellers' and buyers' real estate agents, alleging that all parties violated their respective statutory disclosure obligations. The buyers settled with the sellers and the buyers' agents and proceeded to a bench trial against the sellers' agents, after which the district court entered judgment in favor of the buyers. Thereafter, the district court offset the judgment by a portion of the settlement amounts paid by the sellers and the buyers' agents pursuant to NRS 17.245(1)(a). Both parties appeal from the amended judgment. The buyers argue that NRS 17.245(1)(a) does not apply, such that the district court erred by reducing the original judgment. On the other hand, the sellers' agents challenge the district court's judgment offset calculation pursuant to NRS 17.245(1)(a).

We hold that when considering if NRS 17.245(1)(a)'s settlement offsets apply, district courts must determine whether both the settling and the nonsettling defendants were responsible for the same injury. Because substantial evidence supports the district court's determination here that all defendants caused the same injury, and because the district court appropriately calculated the offset amount, we affirm the district court's amended judgment.

## FACTS AND PROCEDURAL HISTORY

Respondents and cross-appellants, John Lindberg, Michal Lindberg, and Judith L. Lindberg (collectively, the Lindbergs) alleged several causes of action arising out of their purchase of residential real property located in Washoe County. In the operative complaint, the

Lindbergs named as defendants the sellers of the property; the Lindbergs' agents; and the sellers' agents, appellants and cross-respondents A.J. Johnson and J.E. Johns & Associates, along with James E. Johns (collectively, the sellers' agents).[1] Therein, the Lindbergs claimed that the defendants' failure to disclose that two structures on the property lacked the appropriate permits caused the Lindbergs to expend money to enlarge the property's septic tank in order to make the property code compliant. The Lindbergs specifically alleged that the sellers violated their statutory disclosure obligation under NRS 113.130, for which NRS 113.150(4) permits the recovery of treble damages, and that the sellers' agents and the Lindbergs' agents violated their statutory duties of disclosure pursuant to NRS 645.252, which gave rise to a cause of action under NRS 645.257 to recover their actual damages.

Before proceeding to trial, the Lindbergs settled with the sellers and the Lindbergs' agents, and the court entered stipulations and orders for dismissal of all claims arising between those parties. The Lindbergs settled with the sellers for $50,000 and with the Lindbergs' agents for $7,500.

The Lindbergs proceeded to a three-day bench trial against the remaining defendants—Johnson, J.E. Johns, and Johns. After the conclusion of the trial, the district court issued its findings of fact and conclusions of law and judgment. Therein, the district court concluded that the sellers' agents "should have known that the septic system was too small for the residential property in its existing state at the time of the sale," and that they violated NRS 645.252(1)(a) and NRS 645.252(2) by failing to

---

[1]James Johns died prior to trial, and his estate did not join in this appeal.

disclose the same to the Lindbergs. The district court further concluded the sellers' agents were liable under a second theory for "incorrectly list[ing] the property as 'single-family residential,' when the property clearly contained three structures and the zoning for this area allowed for one residential structure and one accessory structure (residential or not), for a total of two structures." While both theories supported damages, to prevent double recovery, the district court awarded the Lindbergs $27,663.95 in damages—the cost of installing the proper-sized septic system and conforming to building code requirements—pursuant to NRS 645.257, rather than under the second theory of liability. The district court also awarded $48,116.84 in attorney fees and costs, plus interest, for a total award of $75,780.79.

The sellers' agents then filed an NRCP 59(e) motion to amend or alter the judgment. The district court granted the motion in part, reasoning that NRS 17.245(1)(a) entitled the sellers' agents to offset the judgment by the settlement amounts, "find[ing] that all defendants, settling and remaining, were responsible for the same injury." Following a hearing to confirm the settlement amounts and determine the appropriate deductions, the district court issued an amended judgment reducing the judgment to $51,630.79 and awarding $13,028.40 in prejudgment interest. The sellers' agents, J.E. Johns[2] and Johnson, appeal; the Lindbergs cross-appeal.

_____

[2]Prior to trial, the district court entered a default against J.E. Johns for its failure to answer the operative complaint. The Lindbergs argue that the default entered against J.E. Johns precludes it from participating in this appeal, and they request that we dismiss the appeal as to J.E. Johns. *See Estate of LoMastro v. Am. Family Ins. Grp.*, 124 Nev. 1060, 1068, 195 P.3d 339, 345 (2008) ("Entry of default acts as an admission by the

## DISCUSSION

On appeal, all parties claim that the district court erred in determining the amount to be offset from the original judgment under NRS 17.245(1)(a). The Lindbergs contend that NRS 17.245(1)(a) does not apply to offset the judgment because the statute requires a finding of joint tortfeasor liability for all defendants for the same injury. The sellers' agents challenge the district court's offset calculation, arguing that the district court erred by failing to offset the judgment by the full settlement amount paid by the sellers.

To address these arguments, we first consider NRS 17.245(1)(a)'s "same injury" requirement. Next, we determine whether substantial evidence supports the district court's finding that both the settling and nonsettling defendants were responsible for the same injury. Finally, we address the district court's offset calculation.

### NRS 17.245(1)(a)

While we review the district court's order regarding the sellers' agents' NRCP 59(e) motion to alter or amend the judgment for an abuse of discretion, *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010), the district court's interpretation and construction of NRS 17.245(1)(a) presents a question of law that we review de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014). "If the plain meaning of a statute is clear on its face, then [this court] will not go beyond

---

defending party of all material claims made in the complaint. Entry of default, therefore, generally resolves the issues of liability and causation and leaves open only the extent of damages." (footnote omitted)). Because J.E. Johns challenges the district court's judgment offset calculation, i.e., "the extent of damages," we decline to dismiss the appeal as to J.E. Johns. *Id.*

 

the language of the statute to determine its meaning." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004) (alteration in original) (internal quotation marks omitted). NRS 17.245(1)(a) provides:

> 1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of *two or more persons liable in tort for the same injury* or the same wrongful death:
>
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it *reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it*, whichever is the greater . . . .

(Emphases added.) NRS 17.245(1)(a) enables a plaintiff to simultaneously settle with one tortfeasor and proceed to trial against another tortfeasor. *Banks v. Sunrise Hosp.*, 120 Nev. 822, 843, 102 P.3d 52, 67 (2004). "However, to prevent double recovery to the plaintiff, the statute also provides that claims against nonsettling tortfeasors must be reduced by the amount of any settlement with settling tortfeasors." *Id.*

The Lindbergs argue that settling and nonsettling defendants must be adjudicated as joint tortfeasors to receive the benefit of settlement offsets under NRS 17.245(1)(a). In making this claim, the Lindbergs rely on NRS 17.225(1), which provides for the right of contribution "where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death."

As an initial matter, NRS 17.225(1) governs the right to contribution—not to equitable settlement offsets from codefendants responsible for the same injury under NRS 17.245(1)(a). *Compare The*

Supreme Court
OF
Nevada

(O) 1947A

6

*Doctors Co. v. Vincent*, 120 Nev. 644, 650-51, 98 P.3d 681, 686 (2004) (explaining that "[c]ontribution is a creature of statute" that permits "one tortfeasor to extinguish joint liabilities through payment to the injured party, and then seek partial reimbursement from a joint tortfeasor for sums paid in excess of the settling or discharging tortfeasor's equitable share of the common liability"), *with Banks*, 120 Nev. at 843, 102 P.3d at 67 (explaining that NRS 17.245(1)(a) enables a nonsettling tortfeasor to equitably offset a judgment by the settlement amount obtained from a settling tortfeasor). For this reason alone, the Lindbergs' position lacks merit.

Furthermore, because NRS 17.245(1)(a) applies to "two or more persons liable in tort for the same injury," and because the plain language of the statute imposes no requirement as to the relationship of the defendants, we reject the Lindbergs' contention that the application of settlement offsets pursuant to NRS 17.245(1)(a) first requires a finding of joint tortfeasor liability. *See Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009) ("To determine legislative intent, this court first looks at the plain language of a statute."). In fact, we have already said as much in *Banks*, where we rejected the argument that a finding of liability on behalf of a settling defendant was required to offset a judgment under NRS 17.245(1)(a). 120 Nev. at 845-46, 102 P.3d at 68. Because "[t]he express language of the statute contemplates that the defendant and plaintiff have worked out a settlement prior to a final judgment of liability," we reasoned that NRS 17.245(1)(a) "does not require that a party be found liable." *Id.* at 846, 102 P.3d at 68.

Instead, as the district court properly determined, the relevant question governing the applicability of NRS 17.245(1)(a) for the purposes of settlement offsets is whether both the settling and remaining defendants caused the *same injury*. *See Elyousef v. O'Reilly & Ferrario, LLC*, 126 Nev. 441, 444, 245 P.3d 547, 549 (2010) (adopting the prohibition against double recovery whereby "a plaintiff can recover only once for a single injury even if the plaintiff asserts multiple legal theories").

Based on the foregoing, we hold that in determining whether NRS 17.245(1) requires a judgment to be offset by a settlement amount, the inquiry begins and ends with a determination of a single and indivisible injury. To provide additional guidance, we echo the district court's reasoning to further hold that independent causes of action, multiple legal theories, or facts unique to each defendant do not foreclose a determination that both the settling and nonsettling defendants bear responsibility for the *same injury* pursuant to NRS 17.245(1)(a). *See Indivisible Injury, Black's Law Dictionary* (11th ed. 2019) (defining "indivisible injury" as one caused by multiple tortfeasors "that is not reasonably capable of being separated").

*The district court's "same injury" finding is supported by substantial evidence*

Having determined the appropriate inquiry under NRS 17.245(1)(a), we next consider whether substantial evidence supports the district court's finding that the settling defendants and the sellers' agents caused the "same injury." *See Keife v. Logan*, 119 Nev. 372, 374, 75 P.3d 357, 359 (2003) ("[T]his court will not disturb a district court's findings of fact if they are supported by substantial evidence.").

Here, the district court relied on the Lindbergs' operative complaint to find that all settling and remaining defendants were responsible for the same injury under NRS 17.245(1)(a). Specifically, the

SUPREME COURT
OF
NEVADA

(O) 1947A

district court found that the Lindbergs "themselves alleged facts binding all the defendants, settling and remaining, together," because the Lindbergs alleged that the defendants' collective conduct—violations of their respective disclosure obligations—brought about the injury suffered—the costs of repairing or replacing the property's undisclosed defects.

On cross-appeal, the Lindbergs challenge the district court's finding of "same injury" and attempt to distinguish between the harms suffered as a result of nondisclosure. The Lindbergs argue that their claims against the sellers involved the lack of permitting for two auxiliary structures, while those against the sellers' agents and the Lindbergs' agents concerned the inadequate septic tank and the incorrect listing of the property as "single-family residential." Based on our review of the record, we are unpersuaded that these alleged distinct harms resulted in separate injuries. At the conclusion of the bench trial against the sellers' agents, the district court found that the Lindbergs

> spent $27,663.95 to remedy the septic system, to obtain a variance from Washoe County to install a second septic tank at the property with a 1,000-gallon capacity to make the septic system conform to Washoe County's building code requirements, and to perform all other requirements imposed by Washoe County to remedy the septic system in order for the plaintiffs to be able to use the unit as an in-law quarter.

Based on the district court's articulation of the Lindbergs' damages, we conclude the Lindbergs' injury stemmed from the disclosure violations by all defendants, and that all issues, including the lack of building permits, stemmed from the inadequate septic tank.

We likewise reject the Lindbergs' argument that the distinct statutes giving rise to liability preclude a determination that all defendants caused the same injury under NRS 17.245(1)(a). As an initial matter, we have already held in this opinion that causes of action unique to settling and nonsettling defendants do not automatically preclude a determination that all defendants caused the same injury under the statute. Furthermore, while the Lindbergs claim that the sellers violated NRS 113.130, which gives rise to treble damages under NRS 113.150(4), and that the sellers' agents and the Lindbergs' agents violated NRS 645.252, for which NRS 645.257 provides a cause of action to recover actual damages, we determine that these statutes all govern disclosure requirements regarding the sale of real property. *See* NRS 113.130(1) (governing the disclosure requirements for a seller of residential real property); NRS 113.150(4) (entitling a purchaser of residential real property "to recover from the seller treble the amount necessary to repair or replace the defective part of the property" if a seller fails to adhere to NRS 113.130 or otherwise fails to provide the purchaser "with written notice of all defects in the property of which the seller is aware"); NRS 645.252(1)(a) (requiring a real estate agent to disclose to all parties "[a]ny material and relevant facts, data or information which the [agent] knows, or which by the exercise of reasonable care and diligence should have known, relating to the property which is the subject of the transaction"); NRS 645.252(2) (requiring a real estate agent to "exercise reasonable skill and care with respect to all parties to the real estate transaction"); NRS 645.257 (providing a cause of action for a person to recover actual damages for a real estate agent's violation of NRS 645.252).

Accordingly, we hold that substantial evidence supports the district court's finding that the settling defendants and the sellers' agents

SUPREME COURT
OF
NEVADA

(O) 1947A

caused the "same injury" under NRS 17.245(1)(a). *See Winchell v. Schiff*, 124 Nev. 938, 944, 193 P.3d 946, 950 (2008) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)).

*The district court correctly calculated the judgment offset amount*

Having concluded that the district court properly determined that NRS 17.245(a)(1) applies to offset the Lindbergs' judgment as to the sellers' agents, we finally consider whether the district court appropriately calculated the offset amount. The district court first determined that only the cost to remedy the septic tank and to obtain the appropriate variances ($27,663.95) could be offset by the settlements the Lindbergs received from the settling defendants, and that the award of attorney fees and costs ($48,116.84) could not be offset. Then, the district court offset the $27,663.95 award by the entire settlement amount paid by the Lindbergs' agents ($7,500), and by one-third of the settlement amount paid by the sellers ($50,000 × 1/3 = $16,650),[3] in recognition that the Lindbergs "would be entitled to treble damages against the sellers associated with any claim established under NRS 113.150." In sum, the district court reduced the judgment from $75,780.79 to $51,630.79, of which $3,513.95 constituted the remaining cost associated with the septic tank and respective variances after applying the offset. The $48,116.84 awarded for attorney fees and costs remained unaltered.

---

[3]While the parties do not challenge the district court's mathematical equation, we note that one-third of $50,000 is $16,666.67—not $16,650.

 

On appeal, the sellers' agents argue that the district court erred by failing to offset the judgment by the full settlement amount paid by the sellers because NRS 17.245(1)(a) does not distinguish between treble and actual damages.[4] Whether NRS 17.245(1)(a) requires district courts to automatically deduct the entirety of a settlement award, without considering the makeup of the award in relation to the judgment against the nonsettling defendants, presents a question of law that we review de novo. *Banks*, 120 Nev. at 846, 102 P.3d at 68. We give effect to the plain language of a statute, unless doing so "would violate the spirit of the statute." *Id.*

NRS 17.245(1)(a) "reduces the claim against the [nonsettling defendants] to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater." While the plain language of the statute could be interpreted as permitting the reduction of the entire settlement amount obtained—without regard to the *type* of exposure resolved by the settling defendants—we reason that such an interpretation violates the spirit of NRS 17.245(1)(a). *See Banks*, 120 Nev. at 846, 102 P.3d at 68. The principal purpose of equitable settlement offsets under the statute is "to prevent double recovery to the plaintiff"—or in other words, to guard against windfalls. *Id.* at 843, 102 P.3d at 67; *see also Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 107 (Tex. 2018) (explaining that a "plaintiff should not receive a windfall by recovering an amount in court that covers

---

[4]While the Lindbergs contest the application of NRS 17.245(1)(a) to this case, they nevertheless concede that if this court determines that the district court properly reduced the original judgment, then the district court's offset calculation was correct.

the plaintiff's entire damages, but to which a settling defendant has already partially contributed," because doing so would permit the recovery of "an amount greater than the trier of fact has determined would fully compensate for the injury" (internal quotation marks omitted)).

Because the principal purpose of equitable settlement offsets is to avoid windfalls, we determine that it would be inconsistent with the legislative intent of NRS 17.245(a)(1) to then permit the blanket deduction of entire settlement amounts without scrutinizing the allocation of damages awarded therein. Specifically, actual damages "redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001); *see also Actual Damages, Black's Law Dictionary* (11th ed. 2019) (defining "actual damages" as those "that repay actual losses"). Treble damages, on the other hand, represent "[d]amages that, by statute, are three times the amount of actual damages that the fact-finder determines is owed." *Treble Damages, Black's Law Dictionary* (11th ed. 2019). Thus, ensuring that a plaintiff does not recover twice for the same injury does not mean that a plaintiff should otherwise be precluded from receiving the portion of a settlement award that resolves a settling defendant's exposure *beyond* actual damages—such as treble or punitive damages—*if* such exposure is unique to the settling defendant. *Cf. Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex. 1998) (explaining that a nonsettling defendant "cannot receive credit for settlement amounts representing punitive damages" due to their individual nature). To conclude otherwise would penalize the plaintiff, while granting a windfall to the nonsettling defendant.

For these reasons, we reject the sellers' agents' argument that NRS 17.245(1)(a) requires the automatic deduction of the entire settlement amount from a nonsettling defendant's judgment. Instead, we conclude that settlement offset calculations pursuant to NRS 17.245(a)(1) must adhere to the statute's goal of avoiding windfalls, which necessarily includes restricting the settlement credit to the amount that fully compensates the plaintiff's injury and does not otherwise provide for double recovery.

Because the consideration paid by the sellers accounted for their exposure to treble damages, we further conclude that the sellers' agents fail to demonstrate that the district court erred in offsetting the original judgment by one-third of the settlement amount obtained from the sellers. NRS 113.150(4) entitles a buyer to recover "treble the amount necessary to repair or replace the defective part of the property, together with court costs and reasonable attorney's fees," while NRS 645.257(1) permits the recovery of actual damages. Here, the district court reasoned that the settlement amount took into account the risk of treble damages, or in other words, the sellers resolved their exposure for treble damages. Because NRS 645.257(1) limits the sellers' agents' liability to actual damages, the district court appropriately accounted for the treble damages associated with the sellers' settlement in offsetting the judgment. Accordingly, we conclude that the district court correctly calculated the judgment offset amount pursuant to NRS 17.245(1)(a).

## CONCLUSION

We conclude that NRS 17.245(1)(a)'s application requires a determination by the district court that the settling and nonsettling defendants were responsible for the "same injury." We further conclude that substantial evidence supports the district court's finding that all

defendants were responsible for the same injury within the meaning of NRS 17.245(a)(1) and that the district court appropriately calculated the offset amount. Accordingly, we affirm the district court's amended judgment.[5]

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Cadish

_____

[5]The sellers' agents raise several other arguments on appeal. First, the sellers' agents argue that the district court erred in finding that they violated NRS 645.252 and NRS 645.257 by misleading the buyers before the close of escrow. Because the sellers' agents' argument relies on a mischaracterization of the district court's findings and conclusions, we reject this argument. Next, the sellers' agents claim that the district court erred in finding that the costs of enlarging the septic tank constituted actual damages caused by the sellers' agents. Since the sellers' agents provide no citation to the record to support their characterization of the district court's finding, we reject this argument as well. Finally, the sellers' agents maintain that the district court abused its discretion in calculating the prejudgment interest award pursuant to our holding in *Albios v. Horizon Communities Inc.*, 122 Nev. 409, 430, 132 P.3d 1022, 1036 (2006) ("As the attorney fees are awarded as an element of past damages, attorney fees draw interest from the time of service of the summons and complaint, as specified in NRS 17.130(2)."), claiming that applying *Albios* to this case would be unjust. We are unpersuaded by the sellers' agents' argument to revisit our decision in *Albios* and thus conclude this argument lacks merit.