IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PENNYMAC CORP., A DELAWARE CORPORATION, Appellant, vs. JAVALINA OPTIONS LTD., A NEVADA LIMITED-LIABILITY COMPANY, Respondent. | No. 75322 |

FILED

OCT 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment, certified as final under NRCP 54(b), following a bench trial in a quiet title action.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

The district court determined that the HOA's foreclosure sale complied with NRS Chapter 116's notice requirements because the HOA mailed the Notice of Default (NOD) and Notice of Sale (NOS) to California Reconveyance Company (CRC), which was serving as the foreclosure trustee for Chase, appellant's predecessor in interest. On appeal, appellant primarily contends that the sale was invalid based on this court's decision in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 134 Nev. 483, 487, 422 P.3d 1248, 1252 (2018), which held that the pre-2015 version of NRS 116.31168(1), via its total incorporation of NRS 107.090, required an

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-43978

HOA to "provide notice to the holder of the first security interest as a subordinate interest." In particular, because Chase was not mailed the NOD or NOS directly, appellant contends that *SFR Investments* requires the sale to be invalidated.

We disagree. Our decision in *SFR Investments* does not prohibit an HOA from mailing foreclosure notices to a deed of trust beneficiary's agent, and under the unique circumstances of this case, we conclude that substantial evidence supports the district court's finding that receiving foreclosure notices was within the scope of CRC's agency relationship with Chase. *Cf. Schlotfeldt v. Charter Hosp. of Las Vegas*, 112 Nev. 42, 47, 910 P.2d 271, 274 (1996) ("The existence of an agency relationship is generally a question of fact . . . ."); *Nev. Nat'l Bank v. Gold Star Meat Co.*, 89 Nev. 427, 429, 514 P.2d 651, 653 (1973) ("'Apparent authority' arises when a principal holds his agent out as possessing certain authority or permits him to exercise or to represent himself as possessing such authority under circumstances that would estop the principal from denying its existence."). In particular, the district court was provided with an August 2009 assignment, an August 2009 substitution of trustee, and an August 2009 NOD recorded by CRC on behalf of Chase. All three of those documents listed a return address for CRC, and the NOD expressly stated on page 1 that CRC was "acting as agent" for the deed of trust beneficiary, i.e., Chase. Although appellant argues on appeal that page 2 of the NOD contained a separate mailing address for Chase, appellant did not identify that address in district court in either its summary judgment motion practice, in its pretrial memoranda, at trial, or in its proposed findings of fact and conclusions of law. Accordingly, for purposes of this appeal, Chase has waived any attack on the district court's judgment based on this address.

*See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (arguments raised for the first time on appeal are waived). Similarly, although appellant cites authority on appeal holding that a foreclosure trustee's agency is limited and does not extend to receiving foreclosure notices on a deed of trust beneficiary's behalf, appellant did not provide any of those authorities to the district court. *Id.* Based on what was presented to the district court, substantial evidence supports the district court's finding that receiving foreclosure notices on Chase's behalf was within the scope of CRC's agency.[2] *Schlotfeldt*, 112 Nev. at 47, 910 P.2d at 274; *Nev. Nat'l Bank*, 89 Nev. at 429, 514 P.2d at 653.

Appellant also contends that the district court should have set aside the sale on equitable grounds because appellant introduced evidence showing the sale was affected by fraud, unfairness, or oppression. In particular, appellant relies on (1) mortgage protection clauses in the HOA's CC&Rs wherein the HOA purportedly promised to protect the deed of trust, (2) the HOA's alleged misrepresentation of the sale date, and (3) the HOA's improper distribution of the sale proceeds.[3] As explained below, we agree

---

[2]Nor are we persuaded that the district court abused its discretion in admitting the evidence establishing the NOD had been mailed to CRC, as we conclude that Kelly Mitchell sufficiently laid a foundation for this evidence and that it was admissible under NRS 51.135's business-records exception to the hearsay rule. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 850 (2019) (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion). We are not persuaded by appellant's arguments to the contrary.

[3]Appellant contends that unfairness also exists because the opening bid was set too high, but appellant did not make that argument in district court. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983. Rather, appellant argued in district court that the opening bid was set too low.

with the district court that none of this evidence amounts to fraud, unfairness, or oppression.

With respect to appellant's first argument regarding the CC&Rs, appellant quotes the following portion of Article 11:

> Notwithstanding any other provisions of this Declaration, no amendment or violation of this Declaration shall operate to defeat or render invalid the rights of the Beneficiary under any Deed of Trust upon one (1) or more lots made in good faith and for value, provided that after the foreclosure of any such Deed of Trust, such Lot(s) shall remain subject to this Declaration, as amended.

Respondent also quotes the following portion of Article 4.10:

> [T]he lien of the assessments provided for herein . . . shall be subordinate to the lien of any previously Recorded first Mortgage upon one or more Lots.

We agree with the district court that these CC&R provisions do not amount to a promise to protect the deed of trust from extinguishment by an HOA foreclosure sale.[4] First, the CC&Rs expressly contemplate a homeowner defaulting on assessments, so the homeowner's default cannot reasonably be characterized as a "violation" of the CC&Rs under Article 11. Second, the full text of Article 4.10, which appellant omits, provides:

> ***Subject to the priorities established by NRS 116.3116 Lien for Assessments.***, the lien of the

---

[4]Consequently, we need not consider whether a "promise" to never exercise superpriority lien rights can be logically distinguished from a "waiver" of those rights that is prohibited by NRS 116.1104. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 419 (2014) (recognizing that NRS 116.1104 invalidates mortgage protection clauses).

assessments provided for herein . . . shall be subordinate to the lien of any previously Recorded first Mortgage upon one or more Lots.

(Italicized and bolded emphases added.) In other words, Article 4.10 stands for the exact opposite proposition than appellant is asserting, and we remind counsel of their obligations under RPC 3.3.[5]

With respect to appellant's argument regarding a misrepresentation of the sale date, this argument is premised solely on the HOA having orally postponed the sale, which the HOA was statutorily permitted to do. *See* NRS 116.31164(1) (2005). With respect to appellant's argument regarding improper distribution of sale proceeds, this court has previously held in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 752, 405 P.3d 641, 650 (2017), that an improper post-sale distribution of proceeds does not amount to fraud, unfairness, or oppression. Accordingly, substantial evidence supports the district court's determination that there were no equitable grounds to justify setting aside the sale.

Finally, substantial evidence supports the district court's determination that the HOA foreclosed on the superpriority portion of its lien and that it did not instead conduct a subpriority-only sale. As indicated above, nothing in the CC&Rs supports appellant's arguments that the HOA chose to conduct a subpriority-only sale, and the HOA's failure to delineate the superpriority amount in the foreclosure notices is not evidence of such

---

[5]Relatedly, we note that counsel failed to direct this court's attention to Article 4.8 of the CC&Rs, which contains language tracking NRS 116.3116's superpriority lien provision nearly verbatim, and which severely undermines appellant's promise-not-to-exercise-superpriority-lien-rights argument.

SUPREME COURT
OF
NEVADA

(O) 1947A

a choice. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014) (observing that it was "appropriate" for the notices to state the total lien amount because they are sent to the homeowner and other junior lienholders). Nor does the fact that the trustee's deed granted title without warranty indicate that the HOA made such a choice, as NRS 116.31164(3) (2005) required the deed to convey title "without warranty." Finally, we note that the HOA's post-sale distribution of proceeds was not entirely consistent with a subpriority-only sale. To the extent appellant raises additional arguments in support of the HOA having chosen to conduct a subpriority-only sale, we are not persuaded by those arguments.

In light of the foregoing, substantial evidence supports the district court's determination that the HOA foreclosed on the superpriority portion of its lien in compliance with NRS Chapter 116 such that the sale extinguished the first deed of trust and that no equitable grounds existed for setting aside the sale. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[6]

_____ C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:  Hon. Richard Scotti, District Judge
     Akerman LLP/Las Vegas
     Goold Patterson
     Eighth District Court Clerk

---

[6]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.