# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PENNYMAC HOLDINGS, LLC, F/K/A PENNY MAC MORTGAGE INVESTMENT TRUST I, LLC, Appellant, vs. ELDORADO NEIGHBORHOOD SECOND HOMEOWNERS ASSOCIATION, Respondent. | No. 75782 |

FILED

MAY 1 5 20

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss cross-claims in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Having considered the parties' arguments and the record, we conclude that the district court erroneously dismissed appellant's wrongful foreclosure cross-claim against respondent under NRCP 12(b)(5). *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal). This court has recognized that "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Collins v. Fed. Savings & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983).[1] Here, appellant alleged that there were no delinquent assessments at the time the Notice of Sale was recorded, such that the $951.77 amount listed on the Notice of Sale could have consisted

_____

[1]Despite respondent's contention, we do not construe this language as authorizing only the trustor to assert a wrongful foreclosure claim.

entirely of fees and costs that were not part of the HOA's lien under NRS 116.3116(1) (2013). Thus, accepting appellant's allegations as true, *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672, we conclude that appellant sufficiently alleged the homeowner was not in default on any amounts comprising respondent's lien so as to state a viable claim for wrongful foreclosure, *Collins*, 99 Nev. at 304, 662 P.2d at 623.

We likewise conclude that the district court erroneously dismissed appellant's NRS 116.1113 cross-claim.[2] Contrary to the district court's conclusion, NRS Chapter 116 does impose duties on HOAs vis-à-vis lenders such as appellant, including mailing statutorily compliant foreclosure notices, *see SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 134 Nev., Adv. Op. 58, 422 P.3d 1248, 1252 (2018) (holding that the pre-2015 version of NRS 116.31168(1), via its total incorporation of NRS 107.090, required an HOA to "provide notice to the holder of the first security interest as a subordinate interest"), and refraining from foreclosure while the homeowner and the lender are engaged in foreclosure mediation pertaining to the first deed of trust, *see* NRS 116.31162(5) (2013). Here, appellant alleged that the HOA violated these statutory duties and that it did so knowingly. Accepting those allegations as true, *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672, we conclude that appellant sufficiently alleged that

---

[2]NRS 116.1113 provides that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." It is not apparent that this statute confers a cause of action for violations of NRS Chapter 116 that is independent of other generally recognized claims. Because respondent has not argued otherwise, we assume for purposes of this disposition that NRS 116.1113 does confer an independent cause of action for a violation of NRS Chapter 116.

respondent failed to carry out its statutory duties in "good faith" so as to state a viable claim under NRS 116.1113. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.          _____, J.
Stiglich                                          Silver

cc:     Chief Judge, Eighth Judicial District Court
        Eighth Judicial District Court, Department 8
        Akerman LLP/Las Vegas
        Leach Kern Gruchow Anderson Song/Las Vegas
        Eighth District Court Clerk