**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARRINGTON MORTGAGE
SERVICES, LLC,

Plaintiff-Appellant,

v.

SFR INVESTMENTS POOL 1, LLC; et
al.,

Defendants-Appellees.

No.    17-16554

D.C. No.
2:15-cv-01377-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 13, 2019
Pasadena, California

Before:  GRABER, BERZON, and CHRISTEN, Circuit Judges.

Appellant Carrington Mortgage Services, LLC (CMS) appeals the district

court's order granting summary judgment to SFR Investments Pool 1, LLC and the

district court's order dismissing CMS's wrongful foreclosure claim against Oak

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Park Homeowners' Association.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.  Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

1.      CMS relied on *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), to argue that Nevada Revised Statute § 116.3116 is facially unconstitutional.  This argument is unavailing.  The Nevada Supreme Court subsequently decided *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc) ("*Star Hill*"), and rejected *Bourne Valley*'s interpretation of § 116.3116's notice provisions.  *Star Hill* explained that the statute incorporates the opt-in and mandatory notice provisions of Nevada Revised Statute § 107.090.  *Id.* at 1253.  Accordingly, *Bourne Valley* no longer controls.  *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019).

2.      CMS's argument that federal law preempts § 116.3116 is equally without merit.  We rejected the same argument in *Arlington West*.  *See* 920 F.3d at 624.  Nothing in Nevada's foreclosure statute makes it "impossible for a private party to comply with both state and federal law," *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000),  nor does Nevada law "stand[] as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress,"

2

*id.* at 373 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)), in creating the federal mortgage insurance program.

3.     The district court *sua sponte* dismissed CMS's wrongful-foreclosure claim against Oak Park for failure to mediate, pursuant to Nevada Revised Statute § 38.310.  Although wrongful-foreclosure claims fall within the purview of § 38.310, *see McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 310 P.3d 555, 559 (Nev. 2013) (en banc), the district court erred by not affording CMS an opportunity to respond to its intent to dismiss, *see Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017).  Nevertheless, the district court dismissed the claim without prejudice, and that ruling allowed CMS an opportunity to amend its complaint and demonstrate that the parties had, in fact, mediated.  CMS did not take that opportunity.  Instead, it moved for reconsideration and immediately appealed the district court's order.  A motion for reconsideration was not the proper vehicle for CMS to present its proof that the parties had mediated.  *See, e.g.*, *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").  Thus, the district court's *sua sponte* dismissal was harmless.

4. CMS's claim for equitable relief fails because CMS did not sufficiently allege any causal nexus; that is, it did not allege how the fraud, oppression, or unfairness accounted for or brought about the property's inadequate sale price. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 647 (Nev. 2017).

5. We conclude the district court erred by granting summary judgment to SFR on its quiet title claim. Neither SFR nor CMS established that it was entitled to judgment as a matter of law. A material factual dispute remains as to whether Bank of America, CMS's predecessor-in-interest, satisfied the superpriority portion of Oak Park's lien, and this factual dispute precluded summary judgment.

Nevada law provides a statutory presumption that foreclosure sales are properly conducted and that the resulting deeds are valid. *See* Nev. Rev. Stat. § 47.250(16)–(18). CMS bore the burden of overcoming this presumption. *See Res. Grp., LLC v. Nev. Ass'n Servs.*, 437 P.3d 154, 156 (Nev. 2019) (en banc) ("The burden of demonstrating that the delinquency was cured presale, rendering the sale void, was on the party challenging the foreclosure, who failed to meet its burden."). Both parties point to the same ledger as proof that Bank of America did or did not satisfy the superpriority portion of Oak Park's lien. The district court reasoned that CMS "merely presume[d]" that the amount set forth on the ledger

4

was more than the superpriority portion of the lien.  But at oral argument before our court, SFR conceded that the ledger does not include any line items identified as "maintenance or nuisance-abatement" fees.  *Arlington West* held that a similar ledger alone sufficed to demonstrate that no maintenance or nuisance-abatement fees were due.  *See* 920 F.3d at 623.  Here, however, CMS conceded that qualifying costs, such as collection fees related to abatement, could conceivably be included in the expenses itemized on the ledger.   From the record available, we cannot determine whether the superpriority portion of the lien was satisfied by the tender.  Therefore, we remand to the district court for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**