NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., | No. 18-16006 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:17-cv-01128-GMN-VCF |
| v. | MEMORANDUM[*] |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted December 10, 2019[**]
Pasadena, California

Before: BEA, COLLINS, and BRESS, Circuit Judges.

SFR Investments Pool 1, LLC ("SFR"), which purchased the subject real

property at a foreclosure auction instituted by a homeowners' association

("HOA"), appeals the district court's grant of summary judgment against it and in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favor of U.S. Bank N.A., as Trustee for GSAA Home Equity Trust 2006-6, Asset-Backed Certificates Series 2006-6 ("U.S. Bank").  Reviewing de novo, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), we reverse.

The district court granted summary judgment to U.S. Bank based solely on the ground that, under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), the HOA "foreclosed under a facially unconstitutional notice scheme" and therefore the "HOA foreclosure cannot have extinguished" U.S. Bank's deed of trust on the property.  This court recently held, however, that Nevada's HOA foreclosure scheme is not facially unconstitutional because our decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was erroneous.  *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019) (recognizing that *Bourne Valley* "no longer controls the analysis" in light of *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018)).

The judgment in favor of U.S. Bank against SFR is **REVERSED**.  The case is **REMANDED** for further proceedings consistent with this memorandum disposition.