**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No.   18-15837 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-01287-RCJ-NJK |
| v. | |
| LAS VEGAS DEVELOPMENT GROUP, LLC; AIRMOTIVE INVESTMENTS, LLC, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| FALLS AT HIDDEN CANYON HOMEOWNERS ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 10, 2019[**]
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BEA, COLLINS, and BRESS, Circuit Judges.

Las Vegas Development Group, LLC and Airmotive Investments, LLC appeal the district court's grant of summary judgment in favor of Nationstar Mortgage LLC. We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision.

The district court granted summary judgment to Nationstar based solely on the ground that, under *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), the homeowners' association (HOA) foreclosed under a facially unconstitutional notice scheme. *Id.* at 1156. The Ninth Circuit recently held, however, that Nevada's HOA foreclosure scheme is not facially unconstitutional because our decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was erroneous. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019) (recognizing that *Bourne Valley* "no longer controls the analysis" in light of *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018)).

The judgment in favor of Nationstar is therefore **REVERSED.** The case is remanded for further proceedings consistent with this memorandum disposition, including as to whether Nationstar's predecessor-in-interest properly tendered the

superpriority amount of the HOA's lien and, if not, whether the failure to tender was nonetheless excused. The parties shall bear their own costs on appeal.