**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JPMORGAN CHASE BANK, N.A., and FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> 7290 SHEARED CLIFF LANE UN 102 TRUST, <br><br> Defendant-Appellant. | No. 18-16190 <br><br> D.C. No. 2:17-cv-00225-JCM-NJK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 7, 2020**
Pasadena, California

Before: BOGGS,*** IKUTA, and LEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

7290 Sheared Cliff Lane Un 102 Trust ("Trust") appeals the district court's grant of summary judgment in favor of plaintiffs JPMorgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae") in a case concerning a foreclosure on a real property in Las Vegas, Nevada ("Property"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review *de novo* a district court's grant of summary judgment. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Fannie Mae acquired the loan for the Property in 2003. Chase is the authorized servicer of the loan for Fannie Mae. In 2013, the Trust purchased the Property at a homeowners' association's non-judicial foreclosure sale. The homeowner's association ("HOA") foreclosed on the property under a Nevada law that grants an HOA a "superiority" lien for certain unpaid dues. *See* Nev. Rev. Stat. § 116.3116; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 365 (Nev. 2018) (en banc). Chase and Fannie Mae challenged the foreclosure sale and sought to preserve their pre-sale interest in the Property, seeking declaratory relief and to quiet title, as well as alleging unjust enrichment. They argued, *inter alia*, that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), barred the HOA's foreclosure sale from extinguishing Fannie Mae's beneficial interest in the Property. The district court granted Chase and Fannie Mae's motion for summary judgment on their quiet-title claims and dismissed the causes of action

requesting declaratory relief. The district court did not address quiet-title claims based on constitutional arguments or the unjust-enrichment claim, which were pled in the alternative. The Trust timely appealed.

The Federal Housing Finance Agency ("FHFA") is the conservator of Fannie Mae. *See* 12 U.S.C. §§ 4511, 4617. The Federal Foreclosure Bar provides that "[n]o property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." 12 U.S.C. § 4617(j)(3). The FHFA did not affirmatively consent to the foreclosure sale. The Trust argues that FHFA's consent should be implied, but this argument is unavailing. *See Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017) ("[T]he statutory language cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it."). Without the consent of the FHFA, the foreclosure sale of the Property was unlawful. *See id*. at 933.

The Trust argues that Nev. Rev. Stat. §116.3116 granted the HOA a superiority lien that had priority over the beneficial interest of Fannie Mae, and that the foreclosure sale extinguished Fannie Mae's interest in Property. However, "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision." *Berezovsky*, 869 F.3d at 931; *see also Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1147 (9th Cir. 2018) ("We see no cause to disturb our

precedential decision, and continue to hold that the Federal Foreclosure Bar preempts the Nevada Foreclosure Statute."), *cert. denied*, 139 S. Ct. 1618 (2019).

The Trust argues that the Federal Foreclosure Bar does not apply because the FHFA is not a party in this action and because Fannie Mae did not provide adequate evidence of its interest in the Property at the time of sale. FHFA is the conservator of Fannie Mae. Fannie Mae provided business records—and a declaration of its employee explaining the business records—to confirm Fannie Mae's ownership of the loan since 2003 as well as Chase's status as its loan servicer. Under *Berezovsky* and its progeny, this constitutes sufficient evidence of Fannie Mae's ownership of the loan "even if the recorded deed of trust names only the owner's agent," which is here Fannie Mae's loan servicer, Chase. 869 F.3d at 932. We also reject the argument that, since FHFA is not a party, 12 U.S.C. § 4617(j)(1) precludes Chase's and Fannie Mae's reliance on the Federal Foreclosure Bar, because we have held that "the Federal Foreclosure Bar applies to any property for which the Agency serves as conservator and immunizes such property from any foreclosure without Agency consent." *Berezovsky*, 869 F.3d at 928 (citing 12 U.S.C. § 4617(j)(1), (3)).

The Trust argues that Fannie Mae failed to comply with Nevada's recording statutes and therefore lacked an enforceable property interest because the deed of trust did not name Fannie Mae as the record beneficiary. This argument was rejected in *Berezovsky*, 869 F.3d at 932–33 & n.8; *see also SFR Invs. Pool 1*, 893 F.3d at

4

1149. The Nevada Supreme Court confirmed that Nevada's recording statutes do not require that "[Fannie Mae] must be identified as the beneficiary on the publicly recorded deed of trust to establish its ownership interest in the subject loan" for the purposes of the Federal Foreclosure Bar. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 847 (Nev. 2019) (en banc).

The Trust also argues the constitutionality of the Nevada superpriority lien provision, seemingly rebuking Fannie Mae's and Chase's district-court argument relying on *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). But Fannie Mae and Chase do not raise this argument on appeal. Additionally, this court has already recognized in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) that "*Bourne Valley* no longer controls the analysis" and "Nev. Rev. Stat. § 116.3116 *et seq*. is not facially unconstitutional." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019). We therefore do not need to address this issue.

**AFFIRMED**.[1]

---

[1] FHFA's Motion for Leave to Participate as an Amicus Curiae (ECF No. 27) is GRANTED.