NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, NA, | No. 17-16841 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-00286-GMN-GWF |
| v. | |
| NV EAGLES, LLC, et al., | MEMORANDUM* |
| Defendants-Appellants, | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted January 23, 2020**
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,***
District Judge.

Appellant NV Eagles, LLC, ("NV Eagles") appeals the district court's order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

granting summary judgment to Bank of America, NA ("BANA"). We review the grant of summary judgment de novo. *Protect Our Comtys. Found. v. LaCounte*, 939 F.3d 1029, 1034 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

The district court granted summary judgment to BANA on the basis that our decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1160 (9th Cir. 2016) found Nev. Rev. Stat. § 116.3116 to be facially unconstitutional as containing an impermissible opt-in notice scheme. Since the district court's decision, however, the Nevada Supreme Court decided *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc) ("*Star Hill*"), and rejected *Bourne Valley*'s interpretation of § 116.3116's notice provisions. *Star Hill* explained that the statute incorporates the opt-in and mandatory notice provisions of Nev. Rev. Stat. § 107.090. *Id.* at 1253. Accordingly, *Bourne Valley* no longer controls and the district court's grant of summary judgment was error. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019).

Based on the foregoing, we reverse the district court's grant of summary judgment, and remand for the district court to decide whether BANA's tender offer satisfied the requirements of Nev. Rev. Stat. § 116.3116.

**REVERSED and REMANDED.**