NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No.    18-16295 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01702-JCM-CWH |
| v. | |
| SFR INVESTMENTS POOL 1, LLC; SUNCREST HOMEOWNERS ASSOCIATION, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 27, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Nationstar Mortgage LLC appeals from the district court's order resolving

the parties' cross-motions for summary judgment. We affirm.

**1.** The pre-2015 version of Nevada Revised Statutes § 116.3116 *et seq.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

establishes a constitutionally sufficient notice scheme. The Nevada Supreme Court has clarified that the statute requires a mandatory notice of default and notice of sale to all holders of subordinate interests to a homeowners association's superpriority lien. *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1252–53 (Nev. 2018) (en banc). Such notice adequately apprises holders of subordinate interests that a foreclosure sale is imminent and affords them an opportunity to protect their interest in the property, which is all that due process demands in this context. Contrary to Nationstar's argument, the notice provided need not specify the superpriority portion of a homeowners association's lien. *See Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n*, 920 F.3d 620, 622, 624 (9th Cir. 2019) (per curiam) (upholding the statute's facial constitutionality notwithstanding the fact that the deed of trust holder did not receive notice of the superpriority portion of the lien).

Nationstar's as-applied challenge to the adequacy of the notice provided by the homeowners association fails for the same reason. Nationstar's predecessor was not entitled, as a matter of due process, to notice specifying the amount of the superpriority portion of the lien. It was instead entitled to notice specifying the total amount owed to the homeowners association, and it received such notice. Based on the notice afforded, Nationstar's predecessor could have requested more information from the homeowners association in order to tender the amount of the

superpriority portion of the lien, or it could have tendered the full amount of the lien and requested a refund of the non-superpriority portion. *See id.* at 623; *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 418 (Nev. 2014) (en banc).

**2.** The district court correctly declined to set aside the foreclosure sale on equitable grounds. Under Nevada law, a foreclosure sale may not be set aside on equitable grounds merely because the sale price was substantially below the property's fair market value; the party challenging the sale must also demonstrate that the foreclosure sale was affected by some measure of fraud, unfairness, or oppression. *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc). Nationstar contends that the foreclosure sale was rendered unfair because the homeowners association's covenants, conditions, and restrictions (CC&Rs) stated that the sale would not extinguish a first deed of trust, thereby publicizing to prospective buyers that the property was less valuable than it was. But the Nevada Supreme Court has held that such provisions conflict with the superpriority lien statute and are therefore invalid. *See SFR Investments*, 334 P.3d at 419. Nothing in the record suggests that any prospective buyer was misled by the invalid CC&R provision. The legal inaccuracy of the CC&R provision, standing alone, is not a sufficient basis to find that prospective buyers were misled such that the foreclosure sale was unfair.

**AFFIRMED.**