

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | No.  18-17100 |
|  | D.C. No. 2:18-cv-00414-APG-VCF |
| Plaintiff-Appellant, |  |
| v. |  |
|  | MEMORANDUM* |
| SFR INVESTMENTS POOL 1, LLC, |  |
| Defendant-Appellee. |  |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 27, 2020**
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

This case involves a constitutional challenge to Nevada's home owners

association (HOA)-lien statute—Nev. Rev. Stat. § 116.3116.  Because the claim is

untimely and rooted in no-longer-controlling precedent, we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The plaintiff-appellant, Carrington Mortgage Services, LLC (Carrington), was the beneficiary on the deed of trust for the property at issue. After the homeowner failed to pay assessments to his HOA, the HOA initiated a non-judicial foreclosure and sold the property to defendant-appellee, SFR Investments Pool 1, LLC (SFR). The foreclosure sale occurred in September 2012.

In March 2018, Carrington sought a declaratory judgment that its deed of trust survived the foreclosure sale. SFR then moved to dismiss the case, asserting that the action was time-barred. The district court granted SFR's motion.

1. Carrington first contends that no statute of limitations applies because it is seeking declaratory relief, not retrospective relief. It alternatively asserts that the appropriate statute of limitations for this case is the time period for enforcing a deed of trust. We review the district court's determination of the applicable limitations period de novo. *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006).

Carrington's attempt to style its claim as seeking prospective relief fails. It wants to correct an alleged past wrong—namely, its possible loss of interest in the property following a foreclosure sale. Regardless of how Carrington labels the relief sought, it is not requesting a declaration that it can use as a shield against ongoing and future harm. Thus, cases stating that prospective equitable relief

2

cannot be time-barred are inapplicable here. *See, e.g.*, *City of Fernley v. State Dep't of Taxation*, 366 P.3d 699, 708 (Nev. 2016) (en banc) ("[F]ailure to file a claim within the statute of limitations period does not render all relief time-barred because claimants retain the right *to prevent future violations* of their constitutional rights." (emphasis added)).

Carrington's assertion that it had until 2048 to file this action fairs no better. Specifically, Carrington argues the limitations period is the time in which the deed of trust could be enforced. But the period given in Nevada's deed-enforcement statute—Nev. Rev. Stat. § 106.240—is not a statute of limitations. *See Bank of N.Y. Mellon v. Ruddell*, 380 F. Supp. 3d 1096, 1100 (D. Nev. 2019). Rather, it only "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001) (per curiam). Carrington's claim is therefore untimely under any statute of limitations that the district court considered.

2. Carrington asserts that SFR waived its statute-of-limitations defense because SFR never moved to assert its ownership through, for example, a quiet-title action. But Nevada law establishes the presumption that an HOA sale is properly conducted. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Thus, SFR did not need to take

3

any further action to assert its superior claims to the property. The district court, therefore, properly rejected Carrington's waiver and estoppel claims.

3. Even assuming that Carrington's claim was not time-barred, it would still fail. Carrington asserts that it never received proper notice of the sale. Its argument was premised on this Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1160 (9th Cir. 2016). In *Bourne Valley*, we concluded that § 116.3116 required notice of a foreclosure sale to the mortgage lender only if the mortgage lender requested such notice. 832 F.3d at 1159. However, the Supreme Court of Nevada declined to follow *Bourne Valley* and instead held that foreclosure notice must be provided to anyone holding a subordinate interest. *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) (en banc). This Circuit subsequently recognized that "*Bourne Valley* no longer controls the analysis" and that § 116.3116 "is not facially unconstitutional on the basis of an impermissible opt-in notice scheme." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019) (per curiam). Carrington's argument that § 116.3116 is facially unconstitutional, therefore, lacks legal foundation. Further, nowhere did Carrington proffer facts indicating that it was provided with inadequate notice.

AFFIRMED.