**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITIMORTGAGE, INC., | No. 17-16404 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:16-cv-00398-JCM-GWF |
| v. | |
| CORTE MADERA HOMEOWNERS ASSOCIATION; et al., | MEMORANDUM* |
| Defendants-counter-claimants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 13, 2019
Pasadena, California

Before: GRABER, BERZON, and CHRISTEN, Circuit Judges.

CitiMortgage, Inc. ("Citi") appeals the district court's order granting

summary judgment to defendants on Citi's claim for quiet title. Specifically, Citi

appeals the district court's rejection of Citi's due process challenge to Nev. Rev.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Stat. § 116.3116, and the district court's ruling that the subject non-judicial foreclosure sale should not be set aside in equity because Citi presented no evidence that fraud, unfairness, or oppression caused an inadequate sale price.

Citi's due process argument relies on *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), but, as Citi acknowledged at oral argument, *Bourne Valley* is no longer good law. After *Bourne Valley* was decided, the Nevada Supreme Court held in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) (en banc), that Nev. Rev. Stat. § 116.31168 incorporates the mandatory notice provisions of Nev. Rev. Stat. § 107.090. We recognized this holding in *Bank of America N.A. v. Arlington West Twilight Homeowners Ass'n*, 920 F.3d 620 (9th Cir. 2019) (per curiam). Citi's facial due process challenge is unavailing.

Citi also argues that the district court erred by concluding that there was no evidence of fraud, oppression, or unfairness that justified setting aside Corte Madera's foreclosure sale. Under Nevada law, an inadequate price alone is insufficient to set aside a sale. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648–49 (Nev. 2017). There must be "proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Id.* at 643 (quoting *Shadow Wood*

2

*Homeowners Ass'n v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (en banc)). Here, the district court did not err by ruling that Citi failed to raise a material issue of fact about whether fraud, unfairness, or oppression caused the allegedly inadequate sale price.

**AFFIRMED.**