**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BANK OF NEW YORK MELLON, FKA
Bank of New York, as Successor to
JPMorgan Chase Bank, N.A., Trustee for the
Holders of SAMI II Trust 2006-AR7,

      Plaintiff-Counter-
      Defendant-Appellant,

  v.

ROYAL HIGHLANDS STREET AND
LANDSCAPE MAINTENANCE
CORPORATION,

      Defendant-Appellee,

SFR INVESTMENTS POOL 1, LLC,

      Defendant-Counter-Claimant-
      Appellee,

 and

ALESSI & KOENIG LLC,

      Defendant.

No.   19-16579

D.C. No.
2:16-cv-01993-JCM-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted August 12, 2020[]
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.


Plaintiff Bank of New York Mellon timely appeals from the entry of final judgment against Plaintiff and in favor of Defendant and Counterclaimant SFR Investments Pool 1, LLC ("SFR").  Applying Nevada law, the district court held that SFR held valid title to the disputed property following a foreclosure sale in early 2013.  The court also dismissed, as moot, all of Plaintiff's remaining claims against SFR and two other Defendants, Royal Highland Street and Landscape Maintenance Corporation ("Royal Highland") and Alessi & Koenig, LLC. Reviewing de novo, CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

1.  The district court correctly held that Royal Highland was not a "limited-purpose association" for purposes of Nevada Revised Statutes section 116.1201(2)(a).[1]  Among other reasons, Royal Highland's declaration does not

---

[**]	The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]	The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1] All citations to the Nevada Revised Statutes and Nevada Administrative Code are to the version of the code in effect at the time of the foreclosure sale.

contain the "express[] prohibit[ions]" required by Nevada Administrative Code 116.090(1)(c).

2. Even assuming that Royal Highland failed to comply with all of the mailing provisions of Nevada Revised Statutes chapter 116, Plaintiff has neither disputed that it received timely notice through alternative means nor argued that any deficient mailing prejudiced Plaintiff. Accordingly, the sale is not statutorily void. See U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC, 444 P.3d 442, 448 (Nev. 2019) (holding that a sale is statutorily void due to deficient mailing only if, among other things, the holder of the first deed of trust "did not receive timely notice by alternative means" and "suffered prejudice as a result").

3. The district court correctly held that no equitable basis exists for setting aside the sale. Even assuming that Royal Highland's conduct constituted unfairness, Plaintiff has not pointed to any evidence, such as its own reliance on Royal Highland's conduct, that any unfairness affected the sale. See Res. Grp., LLC v. Nev. Ass'n Servs., 437 P.3d 154, 160–61 (Nev. 2019) (en banc) (holding that "a court may set the sale aside" only "if the totality of the circumstances demonstrates that the sale itself was affected by 'fraud, unfairness, or oppression'"); Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 648–49 (Nev. 2017) ("[I]f the district court closely scrutinizes the circumstances of the sale and finds no evidence that the sale was affected by fraud,

unfairness, or oppression, then the sale cannot be set aside, regardless of the inadequacy of price." (emphasis added)); see also Res. Grp. LLC, 437 P.3d at 160 ("The party seeking to set aside the sale on equitable grounds bears the burden to produce evidence showing that the sale was affected by fraud, unfairness, or oppression that would justify setting aside the sale." (internal quotation marks and brackets omitted)).

4. The district court correctly rejected Plaintiff's facial due-process challenge to Nevada's pre-2015 foreclosure-notice scheme. The Nevada Supreme Court has clarified that the statute requires a mandatory notice of default and notice of sale to all holders of subordinate interests to a homeowners association's superpriority lien. SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252–53 (Nev. 2018) (en banc). Such notice adequately apprises holders of subordinate interests that a foreclosure sale is imminent and affords them an opportunity to protect their interest in the property, which is all that due process demands in this context. Contrary to Plaintiff's argument, the notice provided need not specify the superpriority portion of a homeowners association's lien, and it need not notify lien holders of any specific risk to their deeds of trust. See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 622, 624 (9th Cir. 2019) (per curiam) (upholding the statute's facial constitutionality

4

notwithstanding the fact that the deed of trust holder did not receive notice of the superpriority portion of the lien or provide particularized notice of risk).

5. We need not, and do not, reach any of the parties' alternative arguments.

**AFFIRMED.**