NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE LLC,

    Plaintiff-counter-
    defendant-Appellee,

  v.

SFR INVESTMENTS POOL 1, LLC,

    Defendant-counter-claimant-
    Appellant.

No.   17-16868

D.C. No.
2:15-cv-00583-RCJ-PAL

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 2, 2020**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,*** District
Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

SFR Investments Pool 1, LLC appeals the district court's adverse grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *see Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and we vacate and remand.

Nationstar Mortgage, LLC filed the underlying complaint seeking to establish that its deed of trust on a particular real property in Nevada survived a homeowners association foreclosure sale conducted pursuant to Chapter 116 of the Nevada Revised Statutes. Relying on our decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), the district court granted judgment in favor of Nationstar. As Nationstar concedes, the Nevada Supreme court has rejected *Bourne Valley*'s interpretation of the statutory scheme, and Nationstar was not entitled to judgment on the basis that the governing Nevada statute contained an unconstitutional opt-in notice provision. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019) (discussing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018)).

Prior to issuing the final judgment relying on *Bourne Valley*, the district court determined that there were several triable issues. We decline the parties' requests to affirm or reverse on alternative grounds and instead "exercise our power to remand" to the district court for further proceedings. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 408 (9th Cir. 2011).

SFR's motion to take judicial notice (Docket Entry No. 49) is denied as moot.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**