**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE, LLC,

    Plaintiff-counter-
    defendant-Appellant,

  v.

EQUITY TRUST COMPANY
CUSTODIAN FBO Z130255; ASHWIN
PATEL,

    Defendants-counter-claim-
    3rd-party-plaintiffs-
    Appellees,

  v.

FRANK ORNELAS; VIRGILIA MUNOZ,

    Third-party-defendants.

No.   19-17167

D.C. No. 2:15-cv-01744-JAD-EJY

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 11, 2020**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     TASHIMA, TALLMAN, and MURGUIA, Circuit Judges.

Plaintiff Nationstar Mortgage, LLC ("Nationstar") appeals from the summary judgment quieting title to a condominium unit in Nevada in favor of Defendants Equity Trust Company Custodian FBO Z130255 and Ashwin Patel. Specifically, Nationstar appeals 1) the district court's ruling that the subject non-judicial foreclosure sale should not be set aside because Nationstar presented no evidence of fraud, unfairness, or oppression that impacted the sale; and 2) the district court's rejection of Nationstar's due process challenge to Nev. Rev. Stat. § 116.3116. We review de novo, *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020), and we affirm.

1. Nationstar argues that the district court erred in concluding that there was no evidence of fraud, oppression, or unfairness that justified setting aside the foreclosure sale. Under Nevada law, an inadequate price alone is insufficient to set aside a sale. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648–49 (Nev. 2017). There must be "proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Id.* at 643 (quoting *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc)). Here, the district court did not err by ruling that Nationstar failed to raise a material issue of fact as to whether any fraud, unfairness, or oppression occurred, or that any such

2

alleged behavior impacted the sale.

2. The district court also correctly rejected Plaintiff's due-process challenge to Nevada's pre-2015 foreclosure-notice scheme. The Nevada Supreme Court has clarified that the statutory scheme requires a mandatory notice of default and notice of sale to all holders of subordinate interests to a homeowners association's superpriority lien. *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1252–53 (Nev. 2018) (en banc). Such notice adequately informs holders of subordinate interests that a foreclosure sale is imminent and provides them an opportunity to protect their interest in the property, which is all that due process demands in this context. *See Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1217–18 (9th Cir. 2020). Contrary to Nationstar's argument, the notice provided need not specify the superpriority portion of a homeowners association's lien, and it need not notify lien holders of any specific risk to their deeds of trust. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622, 624 (9th Cir. 2019) (per curiam) (upholding the statute's facial constitutionality notwithstanding the fact that the deed of trust holder did not receive notice of the superpriority portion of the lien or provide particularized notice of risk); *see also Mahogany Meadows Ave. Tr.*, 979 F.3d at 1217–18.

**AFFIRMED.**

3